IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                No. 2:17-CR-1308-KG

LEROY TCHOD CAMERON RAVENELL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion for New Trial filed on March 26, 2018. (Doc. 79). The United States responded on April 23, 2018, and Defendant replied on May 9, 2018. (Docs. 88 and 90). The Court held an evidentiary hearing on May 11, 2018. Having considered the arguments of counsel, the applicable law and the evidence in the record, the Court denies the Motion.[1]

    I.    *Background*

On November 14, 2016, the United States filed a criminal complaint against Defendant alleging violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine, and 18 U.S.C. § 924(c). (Doc. 1). On July 3, 2017, Defendant moved to suppress statements he made to agents on the date of his arrest, November 11, 2016. Specifically, he argued those statements were coerced by agents. (Doc. 28). On July 26, 2017, the Court held a hearing on the motion to suppress. (Doc. 60). On July 27, 2018, the Court entered an order denying the motion. (Doc.

---

[1] The Court has reviewed the record in this case, including the record of the evidentiary hearing on Defendant Ravenell's Motion to Suppress, (Doc. 60), and his jury trial, (Docs. 85, 86, 87), as well as the pertinent record from *United States v. Matthew J.J. Lyons*, 17-cr-1630RB, (Doc. 88-1). The Court also has reviewed exhibits, (Docs. 79, 92), including Agent Mora's I-44; his use-of-force memorandum; and a letter from the United States Attorney's Office to Defendant Ravenell's counsel regarding Agent Mora's testimony in the *Lyons* case.

53). In doing so, the Court found the agents' testimony credible. The parties proceeded to trial and on August 2, 2017, Defendant was found guilty of possession with intent to distribute cocaine. (Doc. 87) at 57.

Border Patrol Agent Eduardo Mora testified at both the suppression hearing and trial. His testimony at both proceedings largely was the same in substance. *Compare* (Doc. 60) *with* (Doc. 86). After Defendant's trial, Agent Mora testified in the unrelated *Lyons* trial. During his examinations in that trial, it was revealed that he omitted information in two reports, a Border Patrol I-44 investigation report and an internal so-called "use-of-force memorandum," which he submitted to his supervisor after Lyons' arrest. The omitted information specifically related to the use of force by another Border Patrol Agent, Jesus Miranda's force, i.e., a "chokehold" Miranda applied to Lyons during Lyons' arrest. (Doc. 79) at 2-3, ¶¶ 8-10; (Docs. 79-1, 79-2, and 79-3). That trial included allegations that Lyons assaulted one or both Border Patrol Agents on April 6, 2017. Agent Mora testified that he purposely omitted the "chokehold" information from his report and that he instructed Agent Miranda to also omit that information from Miranda's report. (Doc. 79) at 3, ¶ 12; (Doc. 88-1) at 3. Agent Mora testified that while agency policy required this information be reported, it did not require the report be in writing, but that he reported this to his supervisor orally. (Doc. 88-1) at 7. On October 11, 2017, the United States informed counsel for Defendant Ravenell of Agent Mora's testimony in the *Lyons* trial. (Doc. 79-3).

Defendant has brought this Motion arguing that Agent Mora's testimony in the *Lyons* trial is newly discovered impeachment evidence warranting a new trial.

*II. Discussion*

"The law governing *Brady* claims is well-established: Due process requires a new trial if the government withholds evidence that is favorable to the defendant and material to guilt or punishment." *United States v. Reese*, 745 F.3d 1075, 1083 (10th Cir. 2014) (citing *Smith v. Cain*, --- U.S. ---, 132 S.Ct. 627, 630 (2012)). "A defendant who seeks a new trial based on an alleged *Brady* violation must show by a preponderance of the evidence that '(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material.'" *United States v. Ford*, 550 F.3d 975, 981 (10th Cir. 2008) (quoting *United States v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007)). The United States does not contend that the evidence was not suppressed. Thus, the Court considers the second and third elements.

"The second element of a *Brady* claim requires proof the evidence in question was exculpatory, or favorable, to the defendant." *Smith v. Sec'y of N.M. Dept. of Corr.*, 50 F.3d 801, 825 (10th Cir 1995). "In this regard, it is worth noting that [] because impeachment is integral to a defendant's constitutional right to cross-examination, there exists no pat distinction between impeachment and exculpatory evidence under *Brady*." *Id.* (internal quotation marks omitted). Furthermore, "[e]vidence need only have 'some weight' or 'tendency' to be favorable to the defendant." *United States v. Ballard*, 885 F.3d 500, 504 (7th Cir. 2018) (quoting *Kyles v. Whitley*, 514 U.S. 419, 451 (1995)); *see also Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015) ("whether evidence is favorable is a question of substance, not degree, and evidence that has any affirmative, evidentiary support for the defendant's case or any impeachment value is, by definition, favorable").

The Court finds the evidence that Agent Mora intentionally omitted information from his reports in the *Lyons* case and that he instructed a fellow agent to do the same was at least

minimally favorable to Defendant. Defendant Ravenell's counsel, just as Lyons' counsel did, could have cross examined Agent Mora with this evidence as to Mora's character under Fed. R. Evid. 608(b)(1). The omissions have weight or tendency to have been favorable to Defendant Ravenell. Accordingly, the Court concludes Defendant meets the second element for a new trial.

As to the third element, "[e]vidence is *material* if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed." *Reese*, 745 F.3d at 1083 (citing *Cain*, 132 S.Ct. at 630). "A *reasonable probability* means the 'likelihood of a different result is great enough to undermine confidence in the outcome.'" *Id.* (quoting *Cain*, 132 S.Ct. at 630). "Put another way, we ask whether the absence of the withheld evidence at trial 'shakes our confidence in the guilty verdict.'" *Id.* (quoting *United States v. Cooper*, 654 F.3d 1104, 1120 (10th Cir. 2011)). The Court "determine[s] materiality after reviewing the record as a whole." *Id.* at 1084 (citation omitted). Viewing the record in this case as a whole and the pertinent record in *Lyons*, the Court finds that Agent Mora's omissions were not material.[2]

First, impeachment evidence is material if "the witness being impeached was absolutely critical to the government's case." *Cooper*, 654 F.3d at 1123. Agent Mora's testimony was

---

[2] Despite styling his motion as a request for a new trial, Defendant argues that the new evidence extends to his suppression hearing on July 26, 2017. (Doc. 60). The Tenth Circuit has stated that "[w]hether *Brady's* disclosure requirements even apply at the motion to suppress stage is an open question." *United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 n.2 (10th Cir. 2013) (citing *United States v. Stott*, 245 F.3d 890, 901 (7th Cir. 2001). At the evidentiary hearing, the United States directed the Court to *United States v. Hykes*, in which United States District Judge James O. Browning concluded that "*Brady* does not require the United States to disclose impeachment evidence before suppression hearings." 2016 WL 1730125, at * 11 (D.N.M.). The Court is guided by Judge Browning's reasoning in *Hykes*, but nonetheless analyzes Defendant's request to extend the new evidence to the suppression hearing. Furthermore, at the evidentiary hearing the parties agreed that if the new evidence extends to the suppression hearing the same standard applies. For the same reason as the Motion, the Court finds that Agent Mora's omissions are not material with regard to the suppression hearing.

probative as to the elements of the offense. However, as to the key element of whether Defendant Ravenell knowingly possessed the cocaine with the intent to distribute it, Mora's testimony was not critical. Rather, the critical evidence in the government's case was the testimony of DEA Task Force Agents Christopher Myers and Andrew Hernandez, and DEA Special Agent Emerald Nguyen, relating directly to Mr. Ravenell's admission.

Second, the evidence included corroborating testimony from all three DEA agents that Defendant admitted to purchasing cocaine in El Paso in order to sell it in Colorado. Significantly, all three agents corroborated that Defendant Ravenell's admission was voluntary, contrary to the defense theory of coercion. Even in the absence of evidence that Agent Mora knowingly omitted information in his reports in the *Lyons* case, there was sufficiently strong evidence to sustain the Court's confidence in the guilty verdict. *Reese*, 745 F.3d at 1084 n.6 ("no *Brady* violation occurred because there was *sufficiently strong* evidence on the counts of conviction to sustain our confidence in the jury's verdict despite the absence of the impeachment evidence at trial."). Therefore, having viewed the record as a whole, the Court concludes Defendant does not meet the third element for a new trial. Accordingly, the motion for a new trial is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE